IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENISE GALLAGHER,                           Civ. No. 07-1213-AA
                                                    O R D E R
        Plaintiff,

   vs.

LINCOLN COUNTY and BERNICE BARNETT,

        Defendants.

AIKEN, Judge:

    Pursuant to Fed. R. Civ. P. 26, defendants' move to compel plaintiff to produce documents responsive to defendants' first request for production. Defendants' motion is denied.

## DISCUSSION

1. Psychological Records

    Defendants' request for production of plaintiff's psychological records is denied. See Jaffee v. Redmond, 518 U.S. 1 (1996). Plaintiff requests damages only for general emotional distress. Plaintiff does not allege intentional or negligent infliction of emotional distress, unusually severe emotional distress in light of her allegations, nor does she allege a specific psychiatric injury or disorder. Therefore, I find no waiver of the psychotherapist-patient privilege. See Fed. R.

1 - ORDER

Evid. 501. If plaintiff's allegations change, defendants are granted leave to renew this discovery request.

2. <u>Medical Records</u>

Denied. Plaintiff does not allege any bodily injury, nor does she allege she received medical treatment for any physical injury or disorder resulting from her alleged treatment by defendants. Plaintiff's claim for non-economic damage is for emotional distress "that a reasonable woman would experience under the same or similar circumstances." Plaintiff has not put her physical condition at issue in this lawsuit, and therefore her medical records are irrelevant. Again, however, if this circumstance or plaintiff's allegations change, defendants' are granted leave to renew this discovery request.

3. <u>Employment Records</u>

Plaintiff worked for defendants from September 16, 2006, until her termination on November 9, 2006, less than two months. Defendants have subpoenaed plaintiff's employment records for the twelve years proceeding her work for defendants, from 1994 to 2006. Defendants are not entitled to more.

4. <u>Lawsuits or Claims</u>

Denied. The court relies on plaintiff's representation to the court and defense counsel that she has no documents related to employment claims, other than a prior workers' compensation claim for an eye injury. The court notes that plaintiff has not alleged an eye injury claim against defendants here.

5. <u>Tax Returns</u>

Denied. The court relies on plaintiff's statement that she has not been employed since her termination by defendants, she

2 - ORDER

provided defendants with all of her W-2s for 2006, and provided defendants with a document showing her income from unemployment.

6. <u>Notes Kept by Plaintiff</u>

Denied. The court relies on plaintiff's representation to the court and defense counsel that she "kept no memorandum, diaries, journals, appointment books, [or] calendars" that relate to her employment with defendants. Any documentation that plaintiff created at the direction of her attorney is covered by the attorney-client privilege or work product doctrine, and similarly, any documentation her attorney has recorded from conversations with plaintiff is protected by the same privileges.

## CONCLUSION

Defendants' motion to compel (doc. 17) is denied as stated above. Further, defendants' request for telephone oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this __26__ day of February 2008.

                                    /s/ Ann Aiken
                                      Ann Aiken
                      United States District Judge

3 - ORDER